HEATHER E. WILLIAMS, CA SBN #122664
Federal Defender
ERIN SNIDER, CA SBN #304781
Assistant Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorney for Defendant
EVAN KING

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:14-mj-00128-MJS |
| Plaintiff, | |
| vs. | STIPULATION TO CORRECT CLERICAL ERROR IN JUDGMENT PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 36; ORDER |
| EVAN KING, | |
| Defendant. | |

**IT IS HEREBY STIPULATED**, by and between the parties through their respective counsel, Yosemite Legal Officer Susan St. Vincent, counsel for the plaintiff, and Assistant Federal Defender Erin Snider, counsel for defendant Evan King, that the December 18, 2015 Judgment be corrected to state that the previously ordered fine of $240 is waived.

On February 4, 2015, the Court sentenced Mr. King to twelve months of unsupervised probation. February 4, 2015 Judgment, Docket No. 5, at 2. Among other conditions, Mr. King was ordered to pay a $240 fine and a $10 special assessment, for a total monetary penalty of $250. *Id.* at 3. On September 29, 2015, Mr. King admitted to violating the terms of his probation, including failing to pay the fine. September 29, 2015 Minutes, Docket No. 11. The Court sentenced Mr. King on the probation violations on December 16, 2015. December 16, 2015 Minutes, Docket No. 17. At that time, consistent with the parties' plea agreement, the Court waived the previously ordered fine and ordered Mr. King to pay only the $10 special

assessment. *Id.*; *see also* Plea Agreement, Docket No. 16, at 2. The Court entered a Judgment on December 18, 2015. December 18, 2015 Judgment, Docket No. 18. Contrary to the Court's oral pronouncement of judgment, the written Judgment provides that "[a]ny previously imposed criminal monetary penalties that remain unpaid shall [remain] in effect." *Id.* at 1.

Pursuant to Federal Rule of Criminal Procedure 36, "the court may at any time correct a clerical error in a judgment . . . arising from oversight or omission." Fed. R. Crim. P. 36. Here, the parties request that the Court issue a corrected judgment that conforms to the Court's oral pronouncement of judgment by excluding the language "[a]ny previously imposed criminal monetary penalties that remain unpaid shall [remain] in effect" and adding language specifically waiving the previously imposed $240 fine. *See United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984) (noting that a court may use Rule 36 to "conform the sentence to the term which the record indicates was intended"). An amended judgment is necessary, as the records of the Clerk of Court continue to reflect an outstanding balance of $240 and the Clerk of Court cannot correct this issue without an order from the Court.

Respectfully submitted,

Date: September 9, 2016          */s/ Susan St. Vincent*
                                 SUSAN ST. VINCNENT
                                 Yosemite Legal Officer
                                 Counsel for the Plaintiff

                                 HEATHER E. WILLIAMS
                                 Federal Defender

Date: September 9, 2016          */s/ Erin Snider*
                                 ERIN SNIDER
                                 Assistant Federal Defender
                                 Attorney for Defendant
                                 EVAN KING

/ / /

/ / /

/ / /

/ / /

**O R D E R**

**IT IS SO ORDERED.** Pursuant to Federal Rule of Criminal Procedure 36, the Court corrects the December 18, 2015 Judgment to remove the language providing that "[a]ny previously imposed criminal monetary penalties that remain unpaid shall [remain] in effect" and adding language specifically waiving the previously imposed $240 fine. A corrected judgment shall follow.

IT IS SO ORDERED.

Dated:   September 12, 2016         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE